# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MICHAEL WAYNE YOST,<br><br>　　　　Defendant. | Case No. 2:07-145-KJD-PAL<br><br>**ORDER** |

　　　　Currently before the Court is Defendant Michael Wayne Yost's (Yost) Motion to Suppress Evidence for Fourth Amendment Violation (#422), filed November 18, 2008. The Government filed a Response (#462), on December 12, 2008, to which Yost filed a Reply (#482), on December 19, 2008. The Magistrate Judge filed a Report and Recommendation (#597), on March 26, 2009, to which Yost filed an Objection (#653), on April 9, 2009.

　　　　The Court has reviewed the Magistrate Judge's Report and Recommendation, together with the Motion, Response, and Reply, as well as the Defendant's Objection and accepts the Magistrate Judge's Recommendation to Deny Defendant Jones' Motion to Suppress Evidence.

　　　　This Court has made a *de novo* determination regarding the Defendant's Motion to Suppress Evidence, and adopts the Magistrate Judge's findings in part. The Magistrate Judge properly determined that an evidentiary hearing was not required, as Yost's Motion failed to allege that there

are any significant disputed factual issues. (Report and Recommendation at 4.)  The Magistrate Judge also properly found, upon reviewing the affidavit as a whole, and applying the totality of circumstances test, that the issuing judge had a substantial basis for concluding that probable cause existed for the issuance of the search warrant for the residence at 5920 Vicki Ann Road in Pahrump, Nevada, on June 28, 2006.

The Magistrate Judge also properly found that the "plain view" doctrine must justify the seizure of any object not specifically listed in a search warrant.  (Report and Recommendation at 13) (See also Minnesota v. Dickerson, 508 U.S. 366, 375 (1993); United States v. Garcia, 205 F.3d 1182, 1187 (9th Cir. 2000) cert. Denied, 531 U.S. 856 (2000).  Appropriately, the Magistrate Judge recommended that "before the government seeks to introduce evidence at trial not specifically identified in the search warrant, the government should be required to establish that the evidence was found where officers were lawfully authorized to be during the execution of the search warrant and that the incriminating nature of the evidence was immediately apparent to seizing officers."  (Report and Recommendation at 13.)  The Magistrate Judge also properly found that the information supporting the search warrant was not too stale to support a finding of probable cause, and that even if the search warrant was "flawed", evidence seized pursuant to the search warrant here is admissible, under the circumstances set forth in United States  v. Leon, 468 U.S. 897, 920 (1984).  (Report and Recommendation at 14–15.)

Additionally, the Magistrate Judge properly found that the Court could not determine from the parties' pleadings what items of evidence the Government intends to introduce at trial and whether the plain view doctrine applies.  Accordingly the Magistrate Judge recommended that "the government be required to disclose to defense counsel thirty days prior to trial what specific items of evidence seized in the search of Yost's residence the government intends to introduce at trial, and for those items not specifically authorized by the search warrant, what exception to the search warrant requirement permits the introduction of the evidence not specifically authorized to be seized." (Report and Recommendation at 16.)

Accordingly, **IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation is accepted and adopted in part.

**IT IS FURTHER ORDERED** that Defendants' Motion to Suppress Evidence (#442), is **DENIED**.

**IT IS FURTHER ORDERED** that the Government is required to disclose to counsel for Yost, on or before Calendar call, currently set for May 12, 2009, at 9:00 a.m., which of the items seized during the search of his residence at 5920 Vicki Ann Road in Pahrump, Nevada, the Government intends to introduce at trial to enable counsel for Yost to object to the introduction of evidence on Fourth Amendment grounds.

**IT IS FURTHER ORDERED** that before the Government is permitted to introduce any evidence seized from Yost's residence not specifically authorized in the description of items to be seized in the search warrant, that the Government establish that the plain view exception to the warrant requirement justified the seizure of these items of evidence.

DATED this 7th day of May 2009.

_____
Kent J. Dawson
United States District Judge