UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

MICHAEL WAYNE YOST,

                         Petitioner,

    v.

UNITED STATES OF AMERICA,

                         Respondent.

Case No. 2:07-cr-0145-KJD-PAL
Related Case: 2:16-cv-2372-KJD

**ORDER**

      Before the Court is Michael Wayne Yost's Motion to Vacate or Set Aside His Sentence under 28 U.S.C. § 2255 (ECF No. 1536). The Court ordered the government to respond, which it did on March 3, 2020 (ECF No. 1597). Yost did not reply.

      Michael Yost served a 135-month sentence after being found guilty by a jury of conspiracy to distribute methamphetamine. At trial, the jury made a special finding that Yost produced "less than 50 grams" of methamphetamine. At Yost's sentencing however, the Court enhanced his base-offense level based on a quantity of 50–200 grams of the drug. Yost appealed his conviction, arguing in part that the Court erred by attributing more than 50 total grams of methamphetamine to Yost despite the jury's special finding to the contrary. The Ninth Circuit considered Yost's argument but ultimately affirmed his conviction and sentence. About a year later, the Ninth Circuit issued United States v. Pimentel-Lopez, 859 F.3d 1134 (9th Cir. 2016). Pimentel-Lopez prohibits sentencing judges from attributing a larger quantity of drugs to a defendant than the quantity the jury determined the defendant produced.

      Yost filed this petition after Pimentel-Lopez. He argues that his trial counsel and appellate counsel were ineffective because they did not adequately challenge the drug-quantity enhancement of Yost's sentence. Contrary to Yost's argument, both his trial and appellate counsel challenged the sentencing enhancement. On appeal, Yost's counsel explicitly argued that

the Court erred when it considered acquitted conduct to enhance Yost's sentence. Unfortunately for Yost, the Ninth Circuit rejected that argument. Neither Yost's trial counsel nor his appellate counsel had the benefit of Pimentel-Lopez, which did not exist until a year after his appeal was final. Given that Yost's counsel objected to the Court's guideline calculation at sentencing and on appeal, Yost received constitutionally adequate representation. Accordingly, the Court denies Yost's § 2255 petition.

**I.      Background**

In July of 2007, a grand jury returned an indictment charging Michael Yost and thirteen others in a far-reaching RICO conspiracy. Indictment 2, ECF No. 1. The indictment identified the "Aryan Warriors" as a RICO enterprise and alleged that Yost was a "Soldier and Prospect" of the enterprise. Id. at 8. The Aryan Warriors "is a powerful, race-based gang" that operates inside and outside the Nevada prison system. Id. at 3. Among their illicit activities, the Aryan Warriors seek to "corrupt [prison] guards, extort money and favors from other prisoners and their families, distribute illegal drugs, and run extensive gambling operations." Id. Their goal is not only to promote race-based separatism in the prison system but to raise money through their "street program." The street program includes producing and selling drugs and extorting members of the community. Id.

Yost was only charged for his involvement in the RICO conspiracy (count one) and for conspiracy to distribute methamphetamine (count ten). Superseding Indictment 20, ECF No. 181. Yost pleaded not guilty and went to trial with five co-defendants in July of 2009. At trial, several witnesses testified to Yost's involvement with the Aryan Warriors. They detailed Yost's role in the production of methamphetamine and smuggling the drugs into prison. Sent. Trans. 25, ECF No. 1381. After six weeks of trial and deliberation, the jury acquitted Yost of the RICO conspiracy but found him guilty of the drug conspiracy. Verdict 2, 5, ECF No. 1080. In connection to the drug conspiracy, the jury made a special finding that Yost's involvement was limited to "*less than 50 grams* of a mixture or substance containing a detectable amount of methamphetamine." Id. at 5 (emphasis added).

The parties filed their sentencing memoranda in late 2009. They disagreed about the

quantity of drugs that should be attributed to Yost. The government claimed that the length of the Aryan Warriors' drug operation and the evidence at trial justified attributing 672 grams to Yost. With a quantity of 672 grams, Yost's base offense level would be 32. With Yost's criminal history points and other enhancements, he would have faced a sentence of 262 to 327 months. Govt. Sent. Memo 8, ECF No. 1218. Yost countered that less than 50 grams of methamphetamine were attributable to him based on the jury's special finding. That drug-quantity would impose a base offense level of 16 and yield a much lighter sentence. Def.'s Sent. Memo 4, ECF No. 1231. At sentencing, the Court rejected both the government's and Yost's drug quantity calculations. It found instead that a quantity of 50 to 200 grams of methamphetamine was reasonably attributable to Yost. Sent. Trans. at 13. With a quantity of 50 to 200 grams, Yost's adjusted offense level was 31, and his criminal history category was III. An adjusted offense level of 31 and a criminal history category of III produced a sentencing guideline range of 135 to 168 months. Id. at 22–23. The Court imposed a sentence of 168 months with 5 years of supervised release to follow. Id. at 26. The parties later stipulated to reduce Yost's sentence from 168 months to 135 months. See Order Reducing Sent. ECF No. 1495.

Yost then pursued a direct appeal of his conviction. Among other things, Yost challenged his trial counsel's performance and the Court's calculation of the sentencing guidelines. The Ninth Circuit rejected Yost's ineffective assistance claim as premature. See Order Affirming Conviction 8, ECF No. 1486 (quoting United States v. Jeronimo, 398 F.3d 1149, 1155 (9th Cir. 2005) ("as a general rule, we do not review challenges to the effectiveness of defense counsel on direct appeal.")). As for the Court's calculation of Yost's sentencing guidelines, the circuit court found no error. This § 2255 petition followed.

**II.** **Legal Standard**

A defendant in federal custody may challenge a conviction that "was imposed in violation of the Constitution or laws of the United States" under 28 U.S.C. § 2255(a). However, § 2255 is not intended to give criminal defendants multiple opportunities to challenge their sentences. United States v. Dunham, 767 F.2d 1395, 1397 (9th Cir. 1985). Rather, § 2255 limits relief to cases where a "fundamental defect" in the defendant's proceedings resulted in a

"complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974). That limitation is based on the presumption that a defendant whose conviction has been upheld on direct appeal has been fairly and legitimately convicted. United States v. Frady, 456 U.S. 152, 164 (1982).

Because a § 2255 petitioner has often pursued—and lost—a direct appeal, the Court assumes that the underlying conviction is valid. For that reason, the government need not respond to the petition until ordered to do so. United States v. Boniface, 601 F.2d 390, 392 (9th Cir. 1979). The Court may summarily dismiss the petition if it is clear from the record that the petitioner does not state a claim for relief or if the claims are frivolous or palpably incredible. United States v. Burrows, 872 F.2d 915, 917 (9th Cir. 1989) (citing Baumann v. United States, 692 F.2d 565, 570–71 (9th Cir. 1982)). As always, the Court construes pro se pleadings liberally and in the petitioner's favor. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Despite that leeway, the pro se party is still "bound by the rules of procedure." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).

### III. Analysis

Though Yost's petition attempts to directly challenge the Court's drug-quantity calculation and sentencing enhancement, his petition is limited to his attorneys' performance at sentencing and on appeal. The Ninth Circuit has already denied Yost's challenge to the drug-quantity sentencing enhancement, and this Court will not reopen that issue. Odom v. United States, 455 F.2d 159, 160 (9th Cir. 1972) (stating the general rule that "when a matter has been decided adversely on appeal from a conviction, it cannot be litigated again on a 2255 motion"). Therefore, the Court's analysis will focus entirely on Yost's claims for ineffective assistance of counsel.

#### A. Yost Received Adequate Assistance of Counsel

The Sixth Amendment guarantees more than just the appointment of counsel; it guarantees effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 685 (1984) ("[t]hat a person who happens to be a lawyer is present at trial alongside the accused, however, is not enough to satisfy the constitutional command . . . An accused is entitled to be assisted by an

attorney . . . who plays the role necessary to ensure that the trial is fair"). Strickland sets out a two-part test to evaluate counsel's constitutional performance. Yost will prevail if he can show both (1) deficient representation and (2) prejudice. Id. at 687. Yost must show that his attorney committed errors "so serious that counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth Amendment." Id. at 687. This is an objective analysis that examines the attorney's behavior compared to "prevailing professional norms." Id. at 688. The Court is "highly deferential" in its evaluation of trial and appellate counsel. Id. at 689; Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir. 1989). While hindsight may tempt the Court to critique counsel's performance after the fact, the Court must presume that counsel's performance was solid trial strategy. Strickland, 466 U.S. at 688.

An attorney is not deficient solely because he or she failed to anticipate future changes to the law. Trial and appellate counsel "cannot be required to anticipate" an appellate decision in a later case. Lowry v. Lewis, 21 F.3d 344, 346 (9th Cir. 1994). To the contrary, the Court evaluates counsel's performance "as at the time of counsel's conduct." Id. (citing Strickland, 466 U.S. at 690)). Indeed, attorneys and judges operate within the framework of the law at the time of the Court's decision. See Landgraf v. USI Film Prods., 511 U.S. 244, 273 (1994) (the Court applies the law "in effect at the time it renders its decision").

Yost's trial counsel and appellate counsel challenged the Court's drug-quantity enhancement. That this Court and the Ninth Circuit rejected those arguments does not render Yost's attorneys ineffective. Starting with Yost's trial counsel, a brief review of Yost's sentencing memorandum reveals that his attorney challenged the Court's rejection of the jury's drug-quantity finding. Yost objected to any drug-quantity finding over the fifty grams and urged the Court not to depart from the jury's special finding. Sent. Memo 4, ECF No. 1231. Yost also argued that the evidence of the overall conspiracy was "scant" and "extremely vague" such that it could not support a finding that Yost produced more than fifty grams. Id. Yost's counsel reaffirmed those objections at sentencing and also challenged several other enhancements to Yost's sentence.

Yost's appellate counsel was even more explicit in his challenge to the Court's drug-

attorney . . . who plays the role necessary to ensure that the trial is fair"). Strickland sets out a two-part test to evaluate counsel's constitutional performance. Yost will prevail if he can show both (1) deficient representation and (2) prejudice. Id. at 687. Yost must show that his attorney committed errors "so serious that counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth Amendment." Id. at 687. This is an objective analysis that examines the attorney's behavior compared to "prevailing professional norms." Id. at 688. The Court is "highly deferential" in its evaluation of trial and appellate counsel. Id. at 689; Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir. 1989). While hindsight may tempt the Court to critique counsel's performance after the fact, the Court must presume that counsel's performance was solid trial strategy. Strickland, 466 U.S. at 688.

An attorney is not deficient solely because he or she failed to anticipate future changes to the law. Trial and appellate counsel "cannot be required to anticipate" an appellate decision in a later case. Lowry v. Lewis, 21 F.3d 344, 346 (9th Cir. 1994). To the contrary, the Court evaluates counsel's performance "as at the time of counsel's conduct." Id. (citing Strickland, 466 U.S. at 690)). Indeed, attorneys and judges operate within the framework of the law at the time of the Court's decision. See Landgraf v. USI Film Prods., 511 U.S. 244, 273 (1994) (the Court applies the law "in effect at the time it renders its decision").

Yost's trial counsel and appellate counsel challenged the Court's drug-quantity enhancement. That this Court and the Ninth Circuit rejected those arguments does not render Yost's attorneys ineffective. Starting with Yost's trial counsel, a brief review of Yost's sentencing memorandum reveals that his attorney challenged the Court's rejection of the jury's drug-quantity finding. Yost objected to any drug-quantity finding over the fifty grams and urged the Court not to depart from the jury's special finding. Sent. Memo 4, ECF No. 1231. Yost also argued that the evidence of the overall conspiracy was "scant" and "extremely vague" such that it could not support a finding that Yost produced more than fifty grams. Id. Yost's counsel reaffirmed those objections at sentencing and also challenged several other enhancements to Yost's sentence.

Yost's appellate counsel was even more explicit in his challenge to the Court's drug-

attorney . . . who plays the role necessary to ensure that the trial is fair"). Strickland sets out a two-part test to evaluate counsel's constitutional performance. Yost will prevail if he can show both (1) deficient representation and (2) prejudice. Id. at 687. Yost must show that his attorney committed errors "so serious that counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth Amendment." Id. at 687. This is an objective analysis that examines the attorney's behavior compared to "prevailing professional norms." Id. at 688. The Court is "highly deferential" in its evaluation of trial and appellate counsel. Id. at 689; Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir. 1989). While hindsight may tempt the Court to critique counsel's performance after the fact, the Court must presume that counsel's performance was solid trial strategy. Strickland, 466 U.S. at 688.

An attorney is not deficient solely because he or she failed to anticipate future changes to the law. Trial and appellate counsel "cannot be required to anticipate" an appellate decision in a later case. Lowry v. Lewis, 21 F.3d 344, 346 (9th Cir. 1994). To the contrary, the Court evaluates counsel's performance "as at the time of counsel's conduct." Id. (citing Strickland, 466 U.S. at 690)). Indeed, attorneys and judges operate within the framework of the law at the time of the Court's decision. See Landgraf v. USI Film Prods., 511 U.S. 244, 273 (1994) (the Court applies the law "in effect at the time it renders its decision").

Yost's trial counsel and appellate counsel challenged the Court's drug-quantity enhancement. That this Court and the Ninth Circuit rejected those arguments does not render Yost's attorneys ineffective. Starting with Yost's trial counsel, a brief review of Yost's sentencing memorandum reveals that his attorney challenged the Court's rejection of the jury's drug-quantity finding. Yost objected to any drug-quantity finding over the fifty grams and urged the Court not to depart from the jury's special finding. Sent. Memo 4, ECF No. 1231. Yost also argued that the evidence of the overall conspiracy was "scant" and "extremely vague" such that it could not support a finding that Yost produced more than fifty grams. Id. Yost's counsel reaffirmed those objections at sentencing and also challenged several other enhancements to Yost's sentence.

Yost's appellate counsel was even more explicit in his challenge to the Court's drug-

quantity calculation and sentencing enhancement. On appeal, Yost and several co-defendants filed a joint opening brief. One of those defendants, Kenneth Krum, argued that the Court's consideration of acquitted conduct to determine his sentencing guideline range violated his Sixth Amendment right to a jury trial. AOB 81. The jury in Krum's case made the same special finding regarding drug-quantity as the jury did in Yost's case; Krum was responsible for less than fifty grams. Id. Nevertheless, the Court imposed a sentence based on a drug quantity of 200 but less than 500 grams of methamphetamine. Id. Krum argued that the jury's special finding that less than 50 grams were attributable to him acquitted Krum of any drug quantity above 50 grams. The Court's use of acquitted conduct to enhance Krum's sentence, he continued, violated his constitutional right to be sentenced on facts that the jury found beyond a reasonable doubt. Id. at 82. Yost's counsel adopted Krum's argument. Id. at 119 ("Yost . . . joins in the argument that the sentencing court abused its discretion [when it] . . . based its sentence on a drug quantity of 50 to 200 grams of methamphetamine in spite of a specific jury finding that the charged offense involved 'less than 50 grams'").

The Ninth Circuit rejected both of Krum's and Yost's arguments because they were "foreclosed by circuit precedent." Order Affirming Conviction 13, ECF No. 1486. A year later, Pimentel-Lopez would cast doubt on the Ninth Circuit's holding. However, Yost's counsel cannot be expected to predict the arguments that an appellate court will accept in the future. Lowry, 21 F.3d at 346. That the Ninth Circuit released a seemingly contrary decision after the fact does not render Yost's counsel constitutionally deficient. Therefore, Yost's claim for ineffective assistance of counsel fails.

### B. A Certificate of Appealability is Unwarranted

Having denied Yost's ineffective assistance of counsel claim, the Court must next determine whether to grant a certificate of appealability. A certificate of appealability enables a § 2255 petitioner to pursue appellate review of a final order. It is only available where the petitioner has "made a substantial showing" of a constitutional deprivation in his § 2255 petition. 28 U.S.C. § 2253(c)(2); Welch v. United States, 136 S.Ct. 1257, 1263 (2016). A petitioner has made a substantial showing of a constitutional violation if reasonable judges could disagree

whether he has suffered such a deprivation. Slack v. McDaniel, 529 U.S. 473, 484 (2000). That is not the case here. Although several Ninth Circuit judges disagreed with the holding in Pimentel-Lopez (see Pimentel-Lopez, 859 F.3d at 1139 (dissent from denial of rehearing en banc)), Yost's petition does not challenge the Court's drug-quantity calculation. It challenges the constitutional adequacy of Yost's trial and appellate counsel. That area of the law is settled. Trial and appellate counsel do not violate the Sixth Amendment right to counsel merely because they failed to anticipate a future change in the law. Lowry v. Lewis, 21 F.3d 344, 346 (9th Cir. 1994). Both trial and appellate counsel raised the drug-quantity issue under the applicable law at the time, and both lost. Yost's attorneys' alleged failure to predict how the Court would rule in the future is not, by itself, deficient performance. Therefore, Yost has not made the substantial showing of a constitutional deprivation necessary to warrant a certificate of appealability.

### C. Yost May Move Separately to Terminate His Supervised Release

Finally, the government notes that the remedy Yost seeks in his petition—a shorter custodial sentence—is impossible given that he has already been released. Alternatively, the Court could interpret Yost's petition as a motion for early termination of supervised release. The government admits that over the approximately three years that Yost has been on supervised release, his conduct has been "exemplary." Govt. Resp. 2, ECF No. 1597. The government does not object to the Court interpreting Yost's § 2255 petition as a motion for early termination of supervised release, nor does it necessarily object to early termination. The government would defer to the Court and the Probation Office to determine whether termination is appropriate.

A district court enjoys "broad discretion" when, after it considers the statutorily required factors, it discharges a defendant's supervised release. United States v. Jeanes, 150 F.3d 483, 484 (5th Cir. 1998). The defendant, however, bears the burden of demonstrating that early termination of supervised release is justified. See United States v. Weber, 451 F.3d 552, 559 n.9 (9th Cir. 2006). Title 18 U.S.C. § 3583(e) states: (e) Modification of conditions or revocation. The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7):

> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of

> supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interests of justice[.]

18 U.S.C. § 3583(e).

Though the Court has discretion to interpret Yost's § 2255 petition as a motion for early termination, it declines to do so. Yost certainly may move to terminate his supervised release early. However, such a motion would impose a different legal standard that does not apply to Yost's current § 2255 petition. Further, Yost's § 2255 petition does not provide the information needed for the Court to evaluate the factors set out in 18 U.S.C. § 3583(e). Nor does a § 2255 petition alert the Probation Office to a defendant's desire to terminate supervised release early. Accordingly, the Court declines to interpret Yost's petition as a motion for early termination of supervised release.

### IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Michael Yost's Motion to Vacate or Set Aside His Sentence under 28 U.S.C. § 2255 (ECF No. 1536) is **DENIED**.

IT IS FURTHER ORDERED that a Certificate of Appealability is **DENIED**.

The Clerk of the Court is directed to **ENTER JUDGMENT** in favor of the United States of America and against defendant Michael Wayne Yost.

Dated this 19th day of March, 2020.

_____
Kent J. Dawson
United States District Judge